UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES STOVER,

        Plaintiff,

-vs-

NORTHLAND GROUP, INC.,

        Defendant.

05-CV-0476E(Sr)

MEMORANDUM

and

ORDER[1]

---

## **BACKGROUND**

The Scheduling Order in this case set the discovery deadline for March 9, 2006, the motion deadline for March 30, 2006 and the trial date status conference for April 21, 2006 (Dkt. #7). Prior to their expiration, no party requested modification of these dates. At the April 21st status conference to set a date for trial, counsel requested an additional two months so as to continue "voluntary discovery". At defense counsel's request, the Court also allowed the parties an additional 60 days within which to file any dispositive motions. Plaintiff's counsel expressed an intent to file a motion in limine and the parties agreed that this would also be done during this 60-day time period. The conference to set a date for trial was reset to July 7, 2006. Plaintiff's counsel filed the motion in limine during this time period. There were no dispositive motions filed. At the July 7th

---

[1] This decision may be cited in whole or in any part.

conference, defense counsel failed to appear.  Plaintiff's counsel represented that the matter was ready for trial pending the Court's ruling on the motion in limine.  On July 13, 2006 defense counsel wrote a letter to the Court indicating that the failure to appear on July 7th was due to a clerical error and requested that the matter be rescheduled.  The trial date conference was rescheduled to October 6, 2006.  At the October 6th conference, plaintiff's counsel reported that the motion in limine had not yet been resolved, but that otherwise the case was ready for trial.  Defense counsel agreed.  There were no other outstanding matters called to the Court's attention at that time.  As such, the Court advised that once the schedule for response and reply to the motion in limine was set, a trial date would also be set.[2]

Six weeks later, on November 17, 2006, the defendant filed a motion for summary judgment (Dkt. #15), approximately five months after the expiration of the deadline set by the Court at the April 21st conference.  No request for extension the deadline or further modification of the scheduling order was made prior to the filing of this motion[3].  Hence, the Court directed the parties to show cause as to why the purported motion should not be dismissed or stricken from

---

[2] The papers relative to the motion in limine have been filed and the matter submitted to the Court for decision.  It will be addressed herein, *infra.*

[3] Defense counsel did write the Court a letter on December 5, 2006 requesting "leave to file said motion", which had already been filed three weeks prior.

the Docket as having been filed improperly and in violation of the Scheduling Order (Dkt. #18).  In response thereto, defense counsel filed an affidavit submitting that there is good cause for the Court to exercise its discretion and allow the late motion to be considered — to wit, the failure to file the motion on time was due to law office administrative oversight, the motion has merit and there is no prejudice in considering it because no trial date has been scheduled (Dkt. #19).

## **DISCUSSION**

Rule 16(b) of the Federal Rules of Civil Procedure (F.R.Cv.P.) requires a District Court to enter a scheduling order that limits the time period for, *inter alia*, the filing of motions in a case.  F.R.Cv.P. 16(b).  The Rule also states that such "[a] schedule shall not be modified except upon a showing of good cause *and* by leave of the district court."  *Ibid.* (emphasis added).  A finding of "good cause" focuses on the diligence of the moving party.  *Grochowski* v. *Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) *(citing Parker* v. *Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000)).  Essentially, "a showing of 'good cause' requires '[t]he party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Mayes* v. *Local 106, Int'l Union of Operating Eng'rs*, 1992 WL 335964 at *9 (N.D.N.Y.1992) (*quoting* 6A Wright & Miller, Federal Practice and Procedure § 1522.1 (West 1990)); *see also Carnrite* v.

*Granada Hosp. Group, Inc.,* 175 F.R.D. 439, 446 (W.D.N.Y. 1997) ("Good cause means that scheduling deadlines cannot be met despite a party's diligence.").

There are a number of obstacles to the Court's consideration of defendant's summary judgment motion. First, the Rule 16(b) provision above contemplates a "moving party" and the Court finds that there is no moving party herein because no motion for modification of the scheduling order has been made. The scheduling order in this case was modified only once — at the April 21st conference — and the parties were given an additional 60 days to file dispositive motions. That 60 day period expired on June 20, 2006. Defendant did not file a motion to modify the schedule again, either prior or subsequent to June 20th. It was not until three weeks after the late motion was actually filed that defense counsel *wrote the Court a letter* requesting permission to file that which it had already filed. Neither this letter, nor the act of filing the late motion, is sufficient to constitute a motion to modify the scheduling order under F.R.Cv.P. 16(b). *See, e.g., Martinez* v. *Home Depot USA, Inc.*, 2007 WL 926808 at *2 (E.D. Ca. 2007) (the party filed the late motion for summary judgment without *first* seeking leave of court and the motion was not allowed); *Shimko & Piscitelli* v. *Woodcock*, 2007 WL 865402 at *3 (D. Az. 2007) (the request for modification came after the scheduling deadlines had passed and the request for modification was denied in part on that basis). As no motion for such relief has been properly filed, the Court cannot

grant leave to defendant to allow the filing of the motion for summary judgment and it should not be considered.

Second, even if this Court were to hold that a formal motion need not be made, and were to construe the letter (or the underlying late motion itself) as a properly made request for modification of the schedule, the defendant has failed to show good cause to grant leave pursuant to F.R.Cv.P. 16(b) for the Court to modify the schedule to allow for the proper filing of the summary judgment motion. The Court finds the "good cause" reasons submitted by the defendant to be wholly insufficient. Defendant states that "the failure to timely file a motion for summary judgment was due to an unintentional, inadvertent administrative error and was in no way willful." (Dkt. #19, ¶7). There is no further information provided as to what that error was. This is entirely insufficient to satisfy the standards of F.R.Cv.P. 16(b). Defendant provided no showing that reasonable or diligent efforts to comply with the deadlines were attempted but could not be accomplished. In fact, the record herein suggests that there were only scant attempts to meet the deadline dates set by the Court, certainly not reasonable or diligent ones. The original deadline for the filing of all motions was clearly set out in the scheduling order. The extension of time to file dispositive motions — granted at the April 21st conference — was given at defense counsel's request

despite the fact that the deadlines had already been missed.[4]  At the next scheduled conference date, defense counsel failed to appear entirely and later blamed a clerical error in not recording the date on his calendar.  On a number of occasions, the parties to the case reported to the Court that the case was ready for trial.  Specifically with respect to defense counsel, at the October 6th conference, well after the extended date for the filing of dispositive motions had passed, plaintiff's counsel advised the Court that, other than the motion in limine, the case was ready to proceed to trial and defense counsel agreed with this assessment.  Hence, the only "administrative oversight" that can be construed from all of the above is a consistent lack of attention to the deadline (and conference) dates set by the Court.  This is in direct contravention of what is required under F.R.Cv.P. 16(b).

Lastly, as the focus of a finding of "good cause" is on the party's diligence *vel non* in attempting to meet the deadlines set by the Court and defense counsel herein wholly failed to provide any showing in this area, considerations such as lack of prejudice to the plaintiff or the purported merits of the summary judgment motion need not be weighed and will not be viewed as substitutes for the failure to demonstrate due diligence herein. *See Carnrite*, *supra (quoting Amcast Indus. Corp.* v. *Detrex Corp.*, 132 F.R.D. 213, 218 (N.D. Ind. 1990)) ("[W]hile the absence

---

[4]Defense counsel should construe this as a bonus and not a regularly expected result.

of prejudice to a non-moving party may be relevant in determining whether leave to amend should be granted under [F.R.Cv.P.]Rule 15(a), it does not fulfill the 'good cause' requirement of Rule 16(b)."). Based on the above, the Court will not grant leave to file the motion and further finds that the defendant's filing of the motion is untimely and improper.

This case is ready for trial. This Court will not be conducting the trial and will hereafter refer the case to another judge for this purpose. With respect to the motion in limine, as this is a matter better suited for resolution before the judge who will be conducting trial, it shall be denied without prejudice and not on the merits, to be renewed before the trial judge.

## **CONCLUSION**

For the foregoing reasons, defendant's motion (Dkt. #15) is dismissed as untimely and plaintiff's motion (Dkt. #13) is denied without prejudice and not on the merits.

DATED:   Buffalo, N.Y.

  May 3, 2007

>                         */s/ John T. Elfvin*
>                         JOHN T. ELFVIN
>                         S.U.S.D.J.